GUARANTEE TRUST & SAFE DEPOSIT CO. v. COOPER.

Circuit Court of Appeals, Third Circuit.
February 11, 1929.

No. 3958.

Sheldon F. Potter and J. B. Colahan, both of Philadelphia, Pa., for appellant.

A. S. Ashbridge, Jr., of Philadelphia, Pa., for appellee.

Before BUFFINGTON and DAVIS, Circuit Judges, and McVICAR, District Judge.

McVICAR, District Judge. The American Steamship Navigation Company entered into possession, October 5, 1919, of Pier No. 9, North Wharves, Philadelphia, as lessee, under an unexecuted lease from the city of Philadelphia; the navigation company paid the rent for the two months ending December 5, 1919. It failed to furnish the bond required by the city as security, and the city, as a result thereof, refused to execute a lease to the navigation company. At the same time the navigation company was indebted to the Guarantee Trust & Safe Deposit Company, appellant, in the sum of $8,000, and was also indebted to others. Being pressed financially, the navigation company entered into a written agreement with appellant, dated January 24, 1920, by which it assigned all its assets to appellant. Appellant agreed to take a lease from the city for the remainder of the term, for the pier aforesaid. The navigation company was to conduct its business on the pier, under the supervision of appellant. Appellant was to pay the indebtedness of the navigation company. Any balance that might remain was to be returned to the navigation company.

In pursuance to this contract, the city executed a lease to the appellant, dated January 26, 1920. On February 1, 1920, appellant dispossessed the navigation company from the leased premises and possession was given to Kurz & Co. The appellant, by Kurz & Co., remained in possession of the property until the end of the term, October 5, 1920. Appellant paid to the city, prior to February 1, 1920, rent and wages accruing prior to that date, in the sum of $2,186.67. It also paid rent, commissions, and overhead expenses accruing after that date.

The action of appellant in dispossessing the navigation company was for the purpose of making the property more productive. Its management was proper so that the property earned as much as could be earned under the circumstances, and was beneficial to all concerned.

In March, 1920, the navigation company was adjudged a bankrupt in involuntary proceedings. Samuel W. Cooper, trustee, entered the action in this case to have the agreement between the appellant and the navigation company, of January 24, 1920, declared illegal as a preference under the Bankruptcy Act (11 USCA), and for an accounting. The court found in favor of the plaintiff. The appellant filed an account in which it claimed credit for the above item of $2,186.67, for rent and wages accruing and paid prior to February 1, 1920, and for expenditures made by it thereafter. These credits were disallowed by a special master. Exceptions to his report, by the appellant, were overruled by the court, and the appellant was directed to pay to the appellee a total sum of $19,272.42. From that decree the appeal in this case was taken.

The question involved is whether the appellant is entitled to a credit for the rent and wages which accrued, and which were paid by it, prior to its dispossession of the navigation company, February 1, 1920, and also for the rent, commissions, and expenses paid thereafter.

■ The action of the appellant in dispossessing the navigation company was a trespass, and presumably it was so intended, although appellant believed that it could make the property assigned more productive and of more advantage to all concerned, and it is quite probable that through its efficient management the property was made more productive. The act being a willful trespass, appellant is not entitled to a credit for expenditures made while a trespasser. But as to the item of $2,186.67, for rent and wages accruing and paid prior to the trespass, a different rule applies. The appellant was not then a trespasser; it had a legal right to make such payments; the payments were of advantge to the bankrupt and to his estate. The payments being lawful, appellant should have been given credit therefor. U. S. v. Homestake Mining Co. (C. C. A.) 117 F. 481; U. S. v. St. Anthony R. R. Co., 192 U. S. 524, 24 S. Ct. 333, 48 L. Ed. 548.

The fourth assignment of error is sustained. The District Court is directed to modify its decree by deducting from the sum of $12,077.88, directed to be paid by appellant, the item of $2,186.67 aforesaid; the item of interest of $7,194.54 to be decreased accordingly.

The decree, as thus modified, is affirmed. Appellant and appellee each to pay one-half of the costs.